# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed February 19, 1924.

### SAMUEL F. ROSEN
### VS.
### DAVID SCHWARTZ, ET AL.

*E. A. Edgett* and *Benjamin L. Freeny* for plaintiff.

*Daniel S. Sullivan* and *M. Henry Goldstone* for defendants.

DAWKINS, J.—

The prayer of the bill in this case is to have a bill of sale in the nature of a chattel mortgage covering certain chattels in connection with a moving picture theatre situated at 320 South Broadway, set aside and declared void and of no effect on account of certain fraudulent acts done or misrepresentations made when the property was sold by the defendant, Schwartz, or his agents to the plaintiff, and the defendants be enjoined from proceeding further with the foreclosure proceedings already instituted.

The plaintiff paid $250 in cash at the time of sale and gave a bill of sale or mortgage for $750 the balance of the purchase money.

It is charged that a heating plant which is the main part of the property had not belonged to the vendor but to the landlord and that the apparatus and furniture in the theatre are defective and practically worthless.

The property was sold to the defendant, Schwartz, by one Skrentney for $400 with the understanding that it be removed from the premises without delay and a day or two after said sale it was sold to the plaintiff for $1,000. This wide difference in a price would be peculiar, but the explanation seems reasonable. In one sale it was to be "junked" and moved out of the place, in the other it was sold as a "going business." One sale was for cash, the other for $250 cash and the balance to be paid in monthly payments extending over a period of some months in notes. The place has been sold several times

once for a price as high as $6,000. The last previous sale to those sales under discussion was for one thousand dollars ($1,000). This fact was known to the plaintiff or could have been known to him. The evidence is contradictory as to the investigation made by plaintiff before the sale was consummated, but it is not denied that he had the opportunity to make any examination or inquiry about the premises that he desired to make prior to the sale. He is thirty-seven (37) years old. He is engaged in the copper and metal business and a real estate operator "on the side." A man apparently of more than average intelligence. If the lights were not sufficient to inspect the property as he says, he could surely have had the light thrown on everything before he made the deal. Why should he not have kept his eyes open? But even if the plaintiff relied on the statements of his friend (Skrentney) the agent of the defendant, why did he not say something when he began to repair the place or even when the first note was due about three weeks after the sale? We find him taking possession of the premises, making repairs, obtaining a concession of two months' rent free in order to make repairs to the premises without saying anything about having been wronged in making his purchase. This latter circumstance apart from what the defendants say that they sold the place in "bad condition" would indicate that repairs were necessary. The repairs were made by the plaintiff and the place was actually opened by him about six or seven weeks after he came into possession of the same in January, 1924.

The first note had become due in the meantime, December 20, 1923. It was not paid when due. Satisfactory reason was given for non-payment, certainly failure of consideration was not given as a reason. If there were fraud or failure of consideration, certainly every opportunity was had before that time to discover it. There should have been some diligence exercised. The defendants should have been notified before the bill was filed. So that the Court concludes that the goods were bought in a known or ascertainable bad condition and that the price was not excessive.

It was seriously contended that the fact that the landlord claims the heating plant which is included in the property sold, which plant being the most valuable part of the goods sold, make the sale void because of failure on consideration, the title being defective. This later contention is based largely upon the guarantee or covenant in the bill of sale that the chattels were "Free and clear of any and all outstanding claims, demands, debts and encumbrances thereon." The only thing to support this is that the landlord now says it belongs to him. This is certainly the usual indication of ownership, but a part of this plant is not on the premises, being on the adjoining property, besides the various sales of the chattels prior to this sale have included this plant (the heating plant) in the chattels, besides the defendant or his agent is very positive that the heating plant belonged to him, when the sale was made to the defendant. There has been no sort of effort to test the ownership. The value of the plant is not given. It would seem clear that a possible contention as to the ownership does not establish the fact of the ownership. The purchaser should not have to buy a suit, but there is no suit. There is nothing in this case at this time to show but that the plaintiff has all that he bought, including the heating plant.

This seems an unfortunate situation for the plaintiff for he appears to have made a bad bargain, but it is one from which the Court cannot relieve him.

The authorities submitted by the plaintiff's counsel since the hearing have been carefully examined. They do not seem to contravene the views already above expressed. The great difference between this case now being considered and the cases cited is that in the cases to which reference has been made the proceedings were to protect against something which had never been received. In the case now before us the defendants appear to have turned over to the plaintiff whatever he had. No one has satisfactorily shown that any one other than the vendor was entitled to any part of the property intended to be transferred. Asserting a claim does not make it correct. Even a doubt of the vendor's title is not sufficient to deny a compliance with the contract. 90 Md. 549, Md. Construction Co. vs. Kuper.

The bill will be dismissed.